```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
KENNETH A. McCREADY,                : 07 Civ. 7705 (DAB) (JCF)
                                    :
            Plaintiff,              :     MEMORANDUM
                                    :     AND  ORDER
    - against -                     :
                                    :
NATIONAL CREDIT SYSTEMS, INC.,      :
John Doe 1 and John Doe 2,          :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In February 2009, the plaintiff in this action, Kenneth A. McCready, obtained a judgment against the defendant, National Credit Systems, Inc. ("National Credit"), in the amount of $1,406.00. When the defendant did not pay the judgment, Mr. McCready sought discovery, and by Order dated October 29, 2009, I directed National Credit to respond to the plaintiff's discovery requests by November 20, 2009. It did not do so, and Mr. McCready moved for an Order to Show Cause directing the defendant to demonstrate why it should not be held in contempt. By Order dated January 4, 2010 (the "January 4 Order"), I denied that motion on the ground that National Credit had dissolved and was no longer subject to suit, and I cited <u>Vitabiotics, Ltd. v. Krupka</u>, 606 F. Supp. 779, 785 (E.D.N.Y. 1984). Mr. McCready now moves to vacate the January 4 Order.[1]

---

[1] Mr. McCready styles his application as a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. Because that rule

1

The plaintiff's argument is persuasive. Whatever vitality the Vitabiotics case may have had, it is no longer good law. New York Business Corporation Law ("BCL") provides that "[a dissolved] corporation may sue or be sued in all courts and participate in actions and proceedings . . . ." BCL § 1006(a)(4). Furthermore, "[t]he dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution . . . ." BCL § 1006(b). Cases decided after Vitabiotics uniformly follow these principles. See In re Grand Jury Subpoenas Issued to Thirteen Corporations, 775 F.2d 43, 47-48 (2d Cir. 1985) (holding that dissolved corporation must respond to subpoenas concerning pre-dissolution activity); New York v. Longboat, Inc., 140 F. Supp. 2d 174, 177 (N.D.N.Y. 2001) (dissolved corporation subject to suit under CERCLA); Linzner v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 213 (S.D.N.Y. 1995) (corporation that has ceased to exist may be sued for pre-dissolution conduct); Flute v. Rubel, 682 F. Supp. 184, 187 (S.D.N.Y. 1988) (same).

Mr. McCready is therefore entitled to the relief he seeks. The January 4 Order is vacated, and an Order to Show Cause will

---

relates to altering or amending a judgment, the plaintiff's motion is more appropriately characterized as a motion for relief from an order under Rule 60(b)(6) or an application for reconsideration. However, the label assigned to the motion is not important.

issue separately.  This resolves the motion identified as Docket No. 22.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 9, 2010

Copies mailed this date:

Kenneth A. McCready
P.O. Box 10
Loda, IL 60948

National Credit Systems, Inc.
117 E. 24th Street - 5th Floor
New York, New York 10010